IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHLEY STORCK., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-346-DWD |
| | ) |
| REGINALD CORTEZ SANDERS, | ) |
| TITUS TRANSPORTATION | ) |
| HOLDINGS, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Defendant Titus Transportation Holdings, LLC. ("Titus Transportation") Motion to Set Aside Clerk's Entry of Default. (Doc. 10). For the reasons that follow, the Motion is **GRANTED**.

### I.   BACKGROUND

This is the second iteration of this case. Plaintiff originally filed suit against Defendants on September 26, 2023, in the Circuit Court of St. Clair County, Illinois. Defendants removed the action to the Southern District of Illinois on November 22, 2023 and the case was assigned to the Honorable Judge J. Phil Gilbert. *Storck v. Sanders et. al.,* Case No. 23-cv-3773-JPG ("Original Case"). Defendants filed an answer and affirmative defenses to Plaintiff's complaint on December 13, 2023. (Original Case Doc. 11). After a failed mediation attempt, the parties began discovery and preparations for trial which was scheduled for February 10, 2025.

1

On January 20, 2025, nine days before the final pretrial conference, Defense counsel prepared the final pretrial order on behalf of both parties. (Docs. 10, 10-1). That same day, Plaintiff's counsel emailed Defense counsel, requesting that Defendants stipulate to a dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) because Plaintiff's counsel was involved in trial in another case. (*Id.*). Defendants agreed, and on January 24, 2025, the parties filed a stipulation of dismissal without prejudice. (Original Case Doc. 36). The case was dismissed without prejudice the same day. (Original Case Doc. 37).

According to Titus Transportation, in February 2025, after the dismissal, the parties agreed to attempt mediation again, and an in-person mediation was scheduled for April 28, 2025. (Doc. 10). On March 13, 2025, Plaintiff refiled her Complaint and the instant action was opened. (Doc. 1). On April 28, 2025, the parties proceeded with the in-person mediation. (Doc. 10). The mediation, however, was unsuccessful. (Doc. 10).

Titus Transportation was served on June 4, 2025, and its answer was therefore due on or before June 25, 2025. (Doc. 6). Defense counsel, however, inadvertently calendared its answer as being due 30 days from June 4, 2025 (the deadline under Illinois law) as opposed to 21 days as required under Federal Rule of Civil Procedure 12. (Doc. 10). On June 30, 2025, after Titus Transpiration failed to timely answer, Plaintiff filed a motion for entry of default and a clerk's entry of default was filed on July 1, 2025. (Docs. 7, 8). The following day, Titus Transportation filed the instant motion to set aside default. (Doc. 10).

## II. DISCUSSION

To vacate an entry of default, a movant must show good cause, quick action to correct the default and a meritorious defense to the complaint. Rule 55(c); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). Good cause "is not a synonym for excusable neglect." *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007). "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Id.* Thus, in resolving a motion brought under Rule 55(c), a court examines whether there is good cause for judicial action, not whether there is good excuse for a defendant's inattention to the case. *Id.*

Here, the Court finds good cause to set aside the entry of default against Titus Transportation. The failure to respond was not intentional, but the result of a calendaring error. The record does not show a willful disregard of the lawsuit. In fact, Defense counsel appeared on Titus Transportation's behalf in the original action, filed an answer and affirmative defenses, engaged in discovery and mediation, and was fully prepared for trial.

Because there is no evidence of willful disregard, *see Cracco,* 559 F.3d at 631, the Court finds good cause exists to set aside the default. Moreover, Titus Transportation acted promptly, filing its motion to set aside the default within 24 hours of the Clerk's entry. Finally, Titus Transportation's answer and affirmative defenses in the original case support the existence of a meritorious defense to the Complaint.

Accordingly, the Court grants the Motion to Set Aside Default (Doc. 10) and permits Titus Transportation to file a response to the Complaint.

### III.  CONCLUSION

Considering the foregoing, the Court finds good cause for setting aside the entry of default.  Accordingly, Titus Transportation's Motion to Set Aside Entry of Default (Doc. 10) is **GRANTED**. The entry of default is **SET ASIDE**. Titus Transportation shall answer the Complaint by July 16, 2025.

**SO ORDERED.**

Dated**: July 9, 2025**

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge