UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ASHLEY STORCK

      Plaintiff,

   v.

REGINALD CORTEZ SANDERS and TITUS
TRANSPORTATION HOLDINGS, LLC,

      Defendants.

Case No. 25-cv-346-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court for case management purposes relating to the trial of this matter beginning August 17, 2026.

## I.     Bifurcation

To expedite and economize the trial of this case, the Court **ORDERS** that the trial be separated into two phases. *See* Fed. R. Civ. P. 42(b).  As it noted at the August 5, 2026, Final Pretrial Conference, the vast majority of the witnesses, evidence, and evidentiary disputes concern the issues of causation of the plaintiff's injuries by the accident and the value of the damages she suffered.  Necessary preliminary issues are only certain elements of the plaintiff's negligence case:  defendant Reginald Cortez Sanders's duty to the plaintiff and whether he breached that duty to cause the *accident* between the parties' respective vehicles.  Those issues are discrete, and a jury can decide them after only a few witnesses.  Only then will it be necessary to explore the question of whether any negligent conduct caused the plaintiff's *injuries* and the value of her damages.

Phase 1 shall begin August 17, 2026, and shall be limited to the questions of (1) whether Sanders "fail[ed] to do something which a reasonably careful person would do, or [did]

something which a reasonably careful person would not, under circumstances similar to those shown by the evidence," Ill. Pattern Jury Instr. 10.01, and (2) considering any comparative negligence, the parties' relative percentages of the total cause of the *accident*, Ill. Pattern Jury Instr. B10.03  Phase 1 shall be referred to as the liability phase.

Phase 2 shall begin immediately after the jury renders a verdict in Phase 1, but only if the jury finds for the plaintiff in Phase 1 and finds that her contributory negligence is 50% or less of the cause of the *accident*.  Phase 2, if necessary, shall address the issues of causation of the plaintiff's *injuries* (*i.e.,* whether the accident caused her injuries), the monetary amount of her damages, and any other remaining issues.  Phase 2 shall be referred to as the damages phase.

## II.    Jury Instruction

The Court further **ORDERS** the parties meet prior to trial for the purpose of expediting the instruction of the jury as to the law of the case.  The Seventh Circuit Federal Jury Instructions—Civil (2017) ("7th Circuit Instructions") should be used when applicable; otherwise, the Illinois Pattern Jury Instructions ("IPI") should be used.  If neither the 7th Circuit Instructions nor the IPI contain an instruction on a subject, the parties shall propose an instruction that is simple, brief, impartial, and free from judgment.

In Phase 1, the Court will prepare and give the following 7th Circuit Instructions, which shall be referred to as Court's Instructions 1 through 9:  1.01, 1.06, 1.11, 1.12, 1.13, 1.17, 1.27, 1.32 and 1.34.  It will also give Instruction 10 that forbids the jury from conducting outside investigation or engaging in outside communication about the case.  If appropriate, the Court will give the same instructions in Phase 2.

The Court **ORDERS** that, on or before **Thursday, August 13, 2026**, the parties shall submit additional proposed jury instructions for each phase of this trial separately.  The

2

instructions shall be in electronic format adaptable to Word and shall be submitted via electronic mail to JPGpd@ilsd.uscourts.gov. Hard copies are not required. All proposed instructions shall be double-spaced, prenumbered, and identified as to their source. Instructions shall be designated as to whether they are Phase 1 or Phase 2 instructions.

**IT IS SO ORDERED.**
**DATED: August 5, 2026**

_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**